UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED A. AL-MUSAWI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:23-cv-01920 (UNA) |
| REPUBLIC OF IRAQ, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss the complaint without prejudice.

Plaintiff, an American national who resides in Virginia, sues the Republic of Iraq, the Central Bank of Iraq, the Iraq Ministry of Oil, and four individuals associated with those entities. The prolix complaint itself is disorganized, quite difficult to follow, and totals 216 pages. Due to the length of the complaint alone, neither the court nor defendants can reasonably be expected to identify plaintiff's claims, and defendants cannot be expected to respond.

The allegations fare no better. Plaintiff purports to bring claims against the defendants arising from alleged corruption, kidnapping, torture, attempted murder and murder, and interference with his finances and property. But instead of clearly and concisely stating legal claims, and facts to support same, the pleading jumps wildly from topic to topic, and is essentially tantamount to plaintiff's makeshift autobiography and his personal ruminations regarding the history of the relationship between the United States and Iraq, and various other newsworthy

events that alleged occurred in or involving Iraq and its officials, all covering a series of decades. He seeks damages and injunctive relief.

*Pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Colum.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Ccolum.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls into this category. Plaintiff's complaint is neither short nor plain, and neither the court nor defendants can reasonably be expected to identify and parse out plaintiff's intended claims and bases for subject matter jurisdiction. For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN  
United States District Judge

Date: 7/26/23